**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 22-** |
| **v.** | : | **DATE FILED: APRIL 12, 2022** |
| **TAMMY SIMPSON** | : | **VIOLATIONS:**<br>**18 U.S.C. § 1343 (wire fraud – 8 counts)**<br>**26 U.S.C. § 7206(1) (making and subscribing a false tax return – 4 counts)**<br>**Notice of forfeiture** |

**INDICTMENT**

**COUNTS ONE THROUGH EIGHT**

**THE GRAND JURY CHARGES THAT:**

At all times material to this Indictment:

1. Defendant TAMMY SIMPSON was a resident of Perkasie, Pennsylvania.

2. PNC Financial Services Group was an American bank holding company and financial services corporation headquartered in Pittsburgh, Pennsylvania.

3. PNC Bank was a banking subsidiary of PNC Financial Service Group with offices in, among other places, Richmond, Virginia.

4. Bank of America was a multinational investment bank and financial services holding company headquartered in Charlotte, North Carolina.

5. From at least in or around February 2012 through on or about October 7, 2019, defendant TAMMY SIMPSON worked as Assistant Controller for Metal Traders, Inc., d/b/a Triad Metals International, ("Triad"), which is headquartered in Pittsburgh and has an office in Horsham, Pennsylvania.

6. Defendant TAMMY SIMPSON worked at Triad's Horsham, PA office where her duties as Assistant Controller included providing daily bookkeeping and accounting services for several Triad subsidiaries including TMT Transportation, a trucking subsidiary, Material Logistics Management, a logistical support subsidiary, and manufacturing subsidiaries: Triad Plate Products, Triad Piling, and Triad Metal Distributors. She was also responsible for the management and payment of the corporate credit cards issued by Bank of America to company employees, including drivers who used the cards to purchase fuel and for incidental business-related travel expenses.

7. As Triad's Assistant Controller, defendant TAMMY SIMPSON had access to and controlled TMT's Business Basic Checking account at PNC bank and used that account for business expenses that included accounts payable, fuel, tolls, payroll, and credit card expenses. This account was funded by transfers requested by defendant SIMPSON from the parent company's Wells Fargo bank account. Defendant SIMPSON requested these transfers through an internal invoicing process designed to track income and revenue for Triad's different subsidiaries. That process did not require defendant SIMPSON to produce documents, receipts or anything to support her funding requests.

8. Defendant TAMMY SIMPSON was also a registered tax preparer with the Internal Revenue Service and prepared and filed income tax returns for several individuals, some of whom were Triad employees. Defendant SIMPSON did this as a personal side business that she operated out of her home in Perkasie, Pennsylvania; it was not part of her employment with Triad.

9. From at least in or around February 2012 through on or about October 7, 2019, in

the Eastern District of Pennsylvania, and elsewhere, defendant

**TAMMY SIMPSON**

devised and intended to devise a scheme to defraud her employer, Metal Traders, Inc., d/b/a Triad Metals International, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

**MANNER AND MEANS**

It was part of the scheme that:

10. Defendant TAMMY SIMPSON used her personal Bank of America credit cards for cash advances and various personal expenses including to make home improvements and purchases of rare books, a home spa system, childcare, clothing, and entertainment, travel, cruise and other vacation tickets for herself and members of her family that were not legitimate business expenses.

11. Defendant TAMMY SIMPSON received monthly statements and bills for her personal Bank of America credit cards and for a personal loan issued by Bank of America. She paid those Bank of America credit card bills and made loan payments using monies that she transferred via Automatic Clearing House ("ACH") payments from Triad's PNC business checking account.

12. Defendant TAMMY SIMPSON also used the corporate Bank of America credit cards issued to TMT employees who had left the company to purchase and pay for non-business-related expenses, including, among other things, airline tickets for herself and family members, entertainment and other travel expenses, and to make payments to the Internal Revenue Service and/or local tax authorities for the personal income tax liabilities of herself and her husband as

well as those of other Triad employees for whom she prepared income tax returns.

13. Defendant TAMMY SIMPSON used Triad's internet servers located in Horsham, Pennsylvania and/or other internet servers located in the Eastern District of Pennsylvania to initiate and request ACH transfers from Triad's PNC bank account to defendant SIMPSON's Bank of America credit card accounts and to other personal loans or accounts that defendant SIMPSON held at Bank of America.

14. In advance of these payments, defendant TAMMY SIMPSON requested that TMT Controller transfer monies from Triad's Wells Fargo Business Checking account to TMT's PNC Bank account to cover the payments made by defendant SIMPSON from the PNC account.

15. On or about the dates set forth below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**TAMMY SIMPSON,**

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, each constituting a separate count:

| Count | Date | Description |
|---|---|---|
| 1 | 4/25/17 | ACH payment of $7,817.14 initiated from Horsham, PA transferring funds from Triad's PNC bank account with servers located in Virginia to make a payment on Simpson's Bank of America Visa Card |
| 2 | 12/4/17 | ACH payment of $10,499.15 initiated from Horsham, PA transferring funds from Triad's PNC bank account with servers located in Virginia to Simpson's Bank of America Visa Card |
| 3 | 4/17/18 | ACH payment of $8,054.80 initiated from Horsham, PA transferring funds from Triad's PNC bank account with servers located in Virginia to Simpson's Bank of America Visa Card |
| 4 | 9/6/18 | ACH payment $12,773.02 initiated from Horsham, PA transferring funds from Triad's PNC bank account with servers |

| | | |
|---|---|---|
| | | located in Virginia to Simpson's Bank of America Visa Card |
| 5 | 12/27/18 | ACH payment of $12,600.73 initiated from Horsham, PA transferring funds from Triad's PNC bank account with servers located in Virginia to Simpson's Bank of America MasterCard |
| 6 | 1/04/19 | ACH payment of $13,796 initiated from Horsham, PA transferring funds from Triad's PNC bank account with servers located in Virginia to Simpson's Bank of America Visa Card |
| 7 | 4/16/19 | ACH payment of $10,130.72 initiated from Horsham, PA transferring funds from Triad's PNC bank account with servers located in Virginia to Simpson's Bank of America Visa Card |
| 8 | 10/7/19 | ACH payment of $9, 835.36 initiated from Horsham, PA transferring funds from Triad's PNC bank account with servers located in Virginia to Simpson's Bank of America MasterCard |

All in violation of Title 18, United States Code, Section 1343.

**COUNT NINE**

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 8 and 10 through 15 of Counts One through Eight of this Indictment are realleged here.

2. On or about March 31, 2016, in the Eastern District of Pennsylvania and elsewhere, defendant

**TAMMY SIMPSON**

willfully made and subscribed to a United States income tax return, Form 1040 along with the accompanying forms, for the tax year 2015, which was verified by a written declaration that it was made under the penalty of perjury and which she did not believe to be true and correct as to every material manner. That Form 1040, which was prepared and signed in the Eastern District of Pennsylvania and was filed with the Internal Revenue Service reported $67,044 of adjusted gross income, whereas, as defendant SIMPSON then and there well knew she received income from the wire fraud scheme alleged in Counts One through Eight above in addition to the amount stated in the return.

In violation of Title 26, United States Code, Section 7206(1).

**COUNT TEN**

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 8 and 10 through15 of Counts One through Eight of this Indictment are realleged here.

2. On or about April 4, 2017, in the Eastern District of Pennsylvania and elsewhere, defendant

**TAMMY SIMPSON,**

willfully made and subscribed to a United States income tax return, Form 1040 along with the accompanying forms, for the tax year 2016, which was verified by a written declaration that it was made under the penalty of perjury and which she did not believe to be true and correct as to every material manner. That Form 1040, which was prepared and signed in the Eastern District of Pennsylvania and was filed with the Internal Revenue Service reported $78,163 of adjusted gross income, whereas, as defendant SIMPSON then and there well knew she received income from the wire fraud scheme alleged in Counts One through Eight above in addition to the amount stated in the return.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 8 and 10 through 15 of Counts One through Eight of this Indictment are realleged here.

2. On or about April 14, 2018, in the Eastern District of Pennsylvania and elsewhere, defendant

**TAMMY SIMPSON,**

willfully made and subscribed to a United States income tax return, Form 1040 along with the accompanying forms, for the tax year 2017, which was verified by a written declaration that it was made under the penalty of perjury and which she did not believe to be true and correct as to every material manner. That Form 1040, which was prepared and signed in the Eastern District of Pennsylvania and was filed with the Internal Revenue Service reported $87,282 of adjusted gross income, whereas, as defendant SIMPSON then and there well knew she received income from the wire fraud scheme alleged in Counts One through Eight above in addition to the amount stated in the return.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 8 and 10 through 15 of Counts One through Eight of this Indictment are realleged here.

2. On or about April 14, 2019, in the Eastern District of Pennsylvania and elsewhere, defendant

**TAMMY SIMPSON,**

willfully made and subscribed to a United States income tax return, Form 1040 along with the accompanying forms, for the tax year 2018, which was verified by a written declaration that it was made under the penalty of perjury and which she did not believe to be true and correct as to every material manner. That Form 1040, which was prepared and signed in the Eastern District of Pennsylvania and was filed with the Internal Revenue Service reported $98,393 of adjusted gross income, whereas, as defendant SIMPSON then and there well knew she received income from the wire fraud scheme alleged in Counts One through Eight above in addition to the amount stated in the return.

In violation of Title 26, United States Code, Section 7206(1).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Section 1343, set forth in this indictment, defendant

**TAMMY SIMPSON**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such violations, including but not limited to the sum of $3,199,192.68; and

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

**A TRUE BILL:**

[redacted]

[redacted]

Ronald A Sarachan for

**JENNIFER ARBITTIER WILLIAMS**
**UNITED STATES ATTORNEY**

*No.*__________

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

TAMMY SIMPSON

INDICTMENT

Counts
18 U.S.C. § 1343 (wire fraud – 8 counts)
26 U.S.C. § 7206(1) (making and subscribing a false tax return – 4 counts)
Notice of Forfeiture

A true bill.



Foreman

Filed in open ________ 12 ________ day,
Of ________ 22 ________

$________